UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL NAVARRO,

               Plaintiff,

-against-

NEW YORK POLICE DETECTIVE CARROLL, et al.,

               Defendants.

23-CV-6657 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, filed this action under 42 U.S.C. § 1983, against seven detectives from the New York City Police Department ("NYPD").[1] He alleges that the detectives violated his rights in connection with an arrest and during his subsequent criminal proceedings. By order dated August 9, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Plaintiff, while incarcerated at Wallkill Correctional Facility, filed this action in the United States District Court for the Eastern District of New York. On July 27, 2023, the Eastern District transferred this action to this court. (ECF 5.)

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that Defendants violated his rights in connection with his arrest and criminal proceedings. Named as defendants are seven NYPD detectives − Jeffrey Carroll, Frank Feliciano, James Hourican, Martin Campos, Tyrone Viruet, Anthony Diaz, and Jose Sandobal.

Plaintiff seeks to hold the seven detectives "accountable to perjury charges and not work in law enforcement." (ECF 1, at 4.)[2] He also seeks money damages.

The following information is taken from the complaint. On September 5, 2013, Plaintiff was on 103rd Street and Third Avenue in Harlem when he was approached by Detective Carroll, who was in plain clothing. Carroll informed Plaintiff that there was a warrant for an unpaid ticket Plaintiff had been issued for urinating in the park. Plaintiff responded that he did not have any outstanding warrants or tickets and told Carroll to call his attorney. Instead, Carroll arrested Plaintiff, confiscating his cellphone, keys, money, and ID, which Plaintiff had with him during the arrest. When Plaintiff asked to see the warrant, Carroll said he did not have the warrant with him and it was at his office. Carroll then gave Plaintiff's keys to another detective so that he could go search Plaintiff's apartment, which was three blocks away. That same day, the NYPD detectives "made up 3 search warrants" to search Plaintiff's apartment. (*Id*. at 5.) They also lied to Plaintiff about having a warrant at the time of his arrest.

During the criminal proceeding, Plaintiff was "deprived [of an] evidentiary hearing to prove the facts of [the] detectives lying about [a] warrant" and taking his ID and other property at the time of his arrest on the street. (*Id*. at 6.) Carroll committed perjury by lying in court that Plaintiff's ID was found on a couch in the apartment. Plaintiff asserts that he "did not have any warrants or any narcotics" and that his "rights [were] violated by these detectives." (*Id.*)

According to public records, a judgment of conviction was rendered on October 24, 2014, and later amended on November 20, 2014 and April 1, 2015, convicting Plaintiff, after a jury trial in the New York Supreme Court, New York County, of criminal possession of weapon in

---

[2] Plaintiff writes using irregular capitalization. For readability, where appropriate, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

3

the second degree and third degree and attempted criminal possession of controlled substance in the third degree. *See People v. Navarro*, 143 A.D.3d 522 (1st Dep't 2016). He was sentenced as a second drug felony offender, to an aggregate term of 12 years. *Id*. On appeal, the New York Supreme Court, Appellate Division, First Department ("Appellate Division"), affirmed Plaintiff's conviction, and the New York Court of Appeals denied him leave to appeal. *See Navarro*, 143 A.D.3d at 522, *lv denied*, 29 N.Y.3d 1000 (Apr. 10, 2017).

## DISCUSSION

**A.    Statute of Limitations**

The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under Section 1983 accrues when the false arrest ends, that is, once the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention."). "[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

Plaintiff's claims arising from his arrest and prosecution are time-barred. He was arrested on September 5, 2013, and his judgment of conviction was rendered on October 24, 2014, and later amended on November 20, 2014 and April 1, 2015. At the latest, Plaintiff had until some point between September 2016 and April 2018 to file a timely action asserting claims arising

4

from his arrest and prosecution. Plaintiff's complaint, however, was filed on July 18, 2023, beyond the expiration of the three-year limitations period.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas*, 480 F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

To the extent Plaintiff is seeking to bring claims arising out of his arrest and prosecution, he filed his claims well beyond the expiration of the applicable statute of limitations. Normally, the Court would grant him leave to plead any facts showing that equitable tolling applies but, as discussed below, the facts provided show that Plaintiff cannot state any claim for relief, and therefore, it is appropriate to dismiss his untimely claims.

**B.   False Arrest**

Plaintiff's assertion that his September 5, 2013 arrest was based on Detective Carroll's ruse that there was an outstanding warrant against him suggests he may be attempting to assert a claim for false arrest against the NYPD detectives.[3] For false arrest claims, the Court first looks

---

[3] "[F]alse arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Singleton v. N.Y.C. Police Dep't*, No. 20-CV-9699, 2021 WL 665032, at *5 n.6 (S.D.N.Y. Feb. 17, 2021) (internal quotation marks and citations omitted); *see Wallace*, 549 U.S. at 389 ("False arrest and false imprisonment overlap; the former is a species of the latter."). For

to state law to establish the elements of such a claim under Section 1983. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) (Alito, J, dissenting) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State), *abrogated on other grounds*, *Thompson v. Clark*, 596 U.S. 36 (2022). Under New York law, to state a claim for false arrest, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012).

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest . . . under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted))). A conviction conclusively establishes that probable cause existed. *Weyant*, 101 F.3d at 852. "But this is so only if the conviction 'survives appeal.'" *Id.* (citation omitted).

Plaintiff's conviction, which survived appeal, *see Navarro*, 143 A.D.3d 522, *lv denied*, 29 N.Y.3d 1000, conclusively establishes that probable cause existed to arrest or confine him. The Court therefore dismisses Plaintiff's Section 1983 false arrest claims against the NYPD detectives for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

that reason, the Court refers to Plaintiff's claims arising from his arrest or confinement as claims of false arrest.

### C. Witness Immunity

Plaintiff also seeks damages for violations stemming from Detective Carroll's allegedly false testimony during Plaintiff's state court criminal proceedings. However, Plaintiff has not stated a claim for relief against Carroll. Witnesses are absolutely immune from liability for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012) (relying on *Briscoe v. LaHue*, 460 U.S. 325 (1983)). The United States Supreme Court has concluded that "[w]ithout absolute immunity for witnesses . . . , the truth-seeking process at trial would be impaired. Witnesses 'might be reluctant to come forward to testify,' and even if a witness took the stand, the witness 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.'" (*Id.*) (quoting *Briscoe*, 460 U.S. at 333). The Supreme Court has reasoned that "the possibility of civil liability was not needed to deter false testimony at trial because other sanctions – chiefly prosecution for perjury – provided a sufficient deterrent." *Id.* (citing *Briscoe*, 460 U.S. at 342). The Court therefore dismisses Plaintiff's claims against Carroll for his testimony because he enjoys absolute immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. Malicious Prosecution

The Court also construes Plaintiff's complaint as asserting claims of malicious prosecution under Section 1983 against Detective Carroll and the other officers. The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace*, 549 U.S. at 389-90. To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v.*

*Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Such a claim does not accrue until there is a favorable termination of the plaintiff's criminal proceedings.[4] *See Heck*, 512 U.S. at 489-90.

As discussed above, Plaintiff's conviction has not been invalidated or otherwise overturned.[5] Accordingly, the Court dismisses Plaintiff's claims of malicious prosecution under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

E.   **Private Prosecution**

The Court must also dismiss Plaintiff's request for perjury charges to be brought against the seven NYPD detectives. Plaintiff cannot initiate the arrest and prosecution of the defendants for perjury because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors have

---

[4] "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (italics in original)*; Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .") (footnote omitted).

[5] To the extent Plaintiff may wish to challenge his conviction, he should note that a petition for a writ of *habeas corpus* is the proper vehicle to raise claims regarding his conviction or the validity of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2157 n.6 (2019) (noting that "a petition for a writ of *habeas corpus* . . . is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement").

discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court . . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which he seeks the criminal prosecution of any of the defendants for perjury, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

**F.     Claims under State Law**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**G.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

9

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. All other pending matters in this action are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   April 22, 2024
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                             Chief United States District Judge